| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.: CV-20-453 |

| | | |
|---|---|---|
| THERESA BRADFORD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| NAPLES CAUSEWAY | ) | |
| DEVELOPMENT, LLC and | ) | |
| RICHARD DYKE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Plaintiff, Theresa Bradford, and hereby complains against Naples Causeway Development, LLC and Richard Dyke as follows:

1. Plaintiff, Theresa Bradford, ("Bradford") is an individual residing in Old Orchard Beach, York County, Maine.

2. Naples Causeway Development, LLC ("Naples Causeway") is a Maine Limited Liability Company with a business address of Raymond, Cumberland County, Maine. Naples Causeway operates the White Pines Inn in Raymond, Maine.

3. Richard Dyke, of Naples, Cumberland County, Maine, is, upon information and belief, the sole owner of Naples Causeway, exercises day to day control of the operations, and is involved in the supervision and payment of employees.

4. The White Pines Inn is a 11-room motel. Motel rooms are rented to guests on a nightly or weekly basis.

5. Bradford worked for Naples Causeway as the Innkeeper/Manager of the White Pines Inn from April 12, 2016 through September 5, 2019. Bradford was required to staff the office at the White Pines Inn for all hours that it was open and was required to respond to guest needs at any time during the night.

1

6. The office hours at the White Pines Inn were 9:00 am. Through 9:00 pm, Monday through Sunday (7 days per week). The White Pines Inn advertised to guests on its website, in its literature provided to guests, and on signage at the location, that the office hours were 9:00 a.m. through 9:00 p.m., seven days per week.

7. Bradford was the only employee of Naples Causeway Development who worked at the White Pines Inn. She had no relief on evenings or weekends to cover her duties. Bradford worked on duty 9:00 am until 9:00 pm, seven days per week. Additionally, Bradford responded to late check-inns and guest emergencies at any time during the night.

8. When Bradford first began as the Innkeeper/Manager she earned $250 per week. In 2017, Naples Causeway and Dyke discovered that Bradford would have to be paid a higher weekly salary to be in compliance with Department of Labor wage and hour law and regulations. In order to circumvent the requirements of the law, Naples Causeway and Dyke changed Bradford's pay rate to an hourly rate of pay at minimum wage for 40 hours each week, despite knowing that Bradford worked at least 84 hours each week.

9. In 2016 when Bradford was paid $250 per week she was not paid a sufficient salary to qualify as exempt from overtime. Naples Causeway and Dyke paid Bradford for 40 hours per week, even though Bradford worked 84 hours per week. Naples Causeway and Dyke failed to pay Bradford for all the hours she worked and additionally failed to pay overtime pay.

10. In 2017 through 2019 Bradford was not paid a sufficient salary to qualify as exempt from overtime. Naples Causeway and Dyke paid Bradford for 40 hours per week, even though Bradford worked 84 hours per week. Naples Causeway and Dyke failed to pay Bradford for all the hours she worked and additionally failed to pay overtime pay.

11. Naples Causeway and Dyke failed to comply with the required notice and posting requirements to employees regarding the payment of wages, overtime pay, and limits on overtime pay.

12. Naples Causeway and Dyke knew that Bradford worked more than 40 hours because Naples Causeway and Dyke established and advertised the office hours for the White Pines Inn.

13. Naples Causeway and Dyke intentionally underpaid Bradford in an effort to circumvent the minimum pay and salary requirements of State and Federal law.

14. Naples Causeway and Dyke did not hire any other employees to work the hours that the office was open.

15. On September 6, 2019 Naples Causeway and Dyke terminated Bradford's employment.

## Count I

## Violation of Maine Unpaid Wages Statute

## 26 M.R.S.A. § 626 and § 626-A

16. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-15 of this Complaint as if fully set forth herein.

17. Bradford worked 84 hours per week for Naples Causeway but was paid only for 40 hours each week.

18. Naples Causeway knew and required Bradford to work 84 hours per week because it established and advertised office hours at the White Pines Inn as 9:00 am through 9:00 p.m. every day of the week and did not hire any other employees to work when the office was open.

19. Dyke had ownership of Naples Causeway and was responsible for determining staffing, employees and hours of payment.

20. Bradford has demanded her unpaid wages and Naples Causeway has refused to pay.

21. Naples Causeway and Dyke are liable to Bradford for her unpaid wages, an additional amount twice her unpaid wages, costs and attorneys' fees.

## Count II

### Minimum wage and Overtime Maine Law

22. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-21 of this Complaint as if fully set forth herein.

23. Naples Causeway and Dyke failed to pay minimum wage and overtime as required by 26 M.R.S.A. § 664.

24. Naples Causeway and Dyke failed to pay Bradford premium rate of 1.5 times her hourly rate for all hours over 40 hours each week.

25. Naples Causeway and Dyke imposed mandatory overtime requirements on Bradford in violation of 26 M.R.S.A. § 603.

26. Naples Causeway and Dyke's actions were willful.

27. Naples Causeway and Dyke are liable to Bradford for unpaid overtime, penalties, costs and attorneys' fees.

## Count IV

### Minimum wage and Overtime Federal Law

28. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-27 of this Complaint as if fully set forth herein.

29. Naples Causeway and Dyke failed to pay minimum wage and overtime as required by 29 U.S.C. § 213

30. Naples Causeway and Dyke failed to pay Bradford premium rate of 1.5 times her hourly rate for all hours over 40 hours each week.

31. Naples Causeway and Dyke's actions were willful.

32. Naples Causeway and Dyke are liable to Bradford for unpaid overtime, penalties, costs and attorneys' fees.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) enter judgment in her favor;

(b) award plaintiff damages for loss of wages, including loss premium for overtime;

(c) declare the conduct engaged in by Defendants to have been wilfull

(d) declare the conduct engaged in by Defendants in violation of Plaintiff's rights;

(e) award statutory penalties;

(f) award Plaintiff nominal damages;

(g) award Plaintiff prejudgment interest;

(h) award Plaintiff his full costs, including reasonable attorney's fees, expert fees and costs; and

(i) award such further relief as is deemed appropriate.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

Dated this _____ day of October 2020

Sally A. Morris, Bar No. 8479
Attorney at Law
Six City Center, Suite 300
Portland, ME 04101
(207) 558-6161, Ext 109
Attorney for Plaintiff Theresa Bradford

5