UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THERESA BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:21-cv-00015-NT |
| | ) |
| NAPLES CAUSEWAY | ) |
| DEVELOPMENT, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED[1] ORDER ON THE PARTIES'
JOINT MOTION TO APPROVE SETTLEMENT**

Before me is the parties' joint motion to approve their settlement of the Plaintiff's FLSA action. Joint Mot. to Approve Settlement ("**Joint Motion**") (ECF No. 56). For the reasons set forth below, the parties' motion is **GRANTED**.

**BACKGROUND**[2]

On October 20, 2020, Plaintiff Theresa Bradford filed this action against Defendants Naples Causeway Development, LLC ("**NCD**") and Richard Dyke, asserting claims under the Fair Labor Standards Act ("**FLSA**") and Maine's wage and overtime laws. Compl. (ECF No. 3-4). On January 8, 2021, the Defendants removed the action to this Court and filed their answer, denying the Plaintiff's claims and asserting several affirmative defenses. Notice of Removal (ECF No. 1); Answer (ECF

---

[1]   This amended order is being entered to correct a typographical error in the original order.

[2]   A more thorough account of the factual and procedural background in this case can be found in my order on the parties' cross-motions for summary judgment. Order on Cross-Mots. for Summ. J. (ECF No. 47).

No. 5). The case proceeded through discovery and then the parties filed cross-motions for summary judgment. Pl.'s Mot. for Summ. J. (ECF No. 21); Defs.' Mot. for Summ. J (ECF No. 27). On May 16, 2022, I entered an order (ECF No. 47) denying the Defendants' motion, and granting in part and denying in part the Plaintiff's motion. *See Bradford v. Naples Causeway Dev., LLC*, No. 2:21-cv-00015-NT, 2022 WL 1538671, at *7 (D. Me. May 16, 2022).

Following my order, on June 23, 2022, the parties participated in a judicial settlement conference with the Magistrate Judge. ECF Nos. 48, 50. At the conference, the parties reached a proposed settlement ("**Settlement**"). ECF No. 51. On July 20, 2022, the parties filed their Joint Motion for approval of the Settlement. Under the terms of their settlement agreement, Defendant NCD agrees to pay the Plaintiff $105,000, which includes attorneys' fees and expenses totaling $36,328.45, in full and final settlement of all claims relating to the Plaintiff's employment with and separation from NCD. Settlement Agreement and General Release (ECF No. 56-1).

## DISCUSSION

When parties seek to settle FLSA claims, "either the U.S. Secretary of Labor must supervise the settlement or a court must approve it." *Prescott v. Prudential Ins. Co. of Am.*, No. 2:09-cv-00322-DBH, 2011 WL 6662288, at *1 (D. Me. Dec. 20, 2011) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352–53 (11th Cir. 1982)). "Part of the court's role is to assure that the FLSA is being properly applied and that the lawsuit is not being used as a device to discount employees' rightful

claims." *Anderson v. Team Prior, Inc.*, No. 2:19-cv-00452-NT, 2022 WL 1156056, at *6 (D. Me. Apr. 19, 2022).

"In order to approve a FLSA settlement, the court must determine that it is 'a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* (quoting *Curtis v. Scholarship Storage Inc.*, No. 2:14-cv-303-NT, 2016 WL 3072247, at *2 (D. Me. May 31, 2016)); *see also Lynn's Food Stores*, 679 F.2d at 1353 ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

I. **Bona Fide Dispute over FLSA Provisions**

To constitute a bona fide dispute over FLSA provisions, "the matter resolved by the settlement under review must present contested factual issues, not purely legal issues concerning the FLSA's applicability." *Fritz v. Terminite, Inc.*, No. CV 19-15749 (SRC), 2020 WL 5015508, at *2 (D.N.J. Aug. 25, 2020). In other words, "[t]here must be 'some doubt that the plaintiffs would succeed on the merits through litigation of their FLSA claims.'" *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (quoting *Collins v. Sanderson Farms,* 568 F.Supp.2d 714, 719–20 (E.D. La. 2008)).[3] In a case where an employee, represented by counsel, brings suit under the FLSA, the proposed settlement is "more likely to reflect a reasonable compromise of disputed issues . . . such as FLSA coverage or computation of back

---

[3] "The reason an agreement must settle a bona fide dispute over hours or compensation to be enforceable relates to the uniqueness of the FLSA and its purposes. If there is no bona fide dispute over hours worked or compensation due, then the employer *must* pay the employee for her labor." *Hohnke v. United States*, 69 Fed. Cl. 170, 175 (2005).

wages"—issues "that are actually in dispute"—rather than a "waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

As the pleadings and the summary judgment record in this case show, a bona fide dispute over FLSA provisions exists between the parties. Specifically, the parties disagree about NCD's liability under the wage and overtime provisions of the FLSA (and state law) as a result of their dispute over whether and to what extent the Plaintiff is entitled to compensation for overtime hours she allegedly worked. The Plaintiff claims that she worked eighty-four hours per week; the Defendants dispute that and say that the parties agreed that Plaintiff was to work and be compensated for a workweek consisting of forty or fewer hours. *See Bradford*, 2022 WL 1538671, at *7–8. Therefore, a bona fide dispute exists.

## II. Fair and Reasonable Settlement

To determine if a proposed settlement is fair and reasonable, courts consider the "totality of the circumstances," which may include factors like:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Drexler v. TEL NEXX, Inc.*, No. 13-cv-13009-ADB, 2019 WL 3947206, at *2 (D. Mass. Aug. 21, 2019). Further, where the proposed FLSA settlement includes attorneys' fees, I must also assess the reasonableness of those fees. *See Binienda v. Atwells*

4

*Realty Corp.*, C.A. No. 15-253 WES, 2018 WL 6266784, at *1 (D.R.I. Nov. 30, 2018) (citing 29 U.S.C. § 216(b)).

Here, the totality of the circumstances favors approval of the parties' Settlement. Under the settlement agreement, the Defendants agree to pay $105,000, from which the Plaintiff will receive $68,671.55, representing unpaid wages and liquidated damages. The parties agree that the Plaintiff's maximum possible recovery at trial for her unpaid overtime wage claims would be approximately $110,000 (and if she were awarded liquidated damages under state law, she could get up to $330,000). Joint Motion 6. On the other end of the recovery range, given the disputed facts and the uncertainty of litigation, it is possible that a jury could award the Plaintiff nothing. Therefore, the Plaintiff's settlement amount, which is approximately 20.8% of the best-case-scenario maximum she could recover after success at trial and any appeals, is a reasonable compromise. *See, e.g.*, *Li v. HLY Chinese Cuisine Inc.*, No. 18-CV-5077 (MMH), 2022 WL 1597302, at *4 (E.D.N.Y. Mar. 31, 2022) (approving a settlement giving the plaintiff 13.8% of the total alleged damages); *Sanchez v. DPC N.Y. Inc.*, 381 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) (approving a settlement giving the plaintiff 19% of the maximum possible recovery). The proposed Settlement allows the parties to avoid the significant burden and expense of trial (which would have subjected both parties to the burden of establishing their numerous claims and defenses), as well as the considerable risk to both sides that is inherent in the unpredictability of a jury trial. Further, experienced FLSA counsel have represented the parties throughout this case, including through

lengthy discovery, summary judgment, and mediation phases. The Settlement appears to be the product of arm's-length bargaining, and I see no reason to suspect that fraud or collusion played any role in achieving the Settlement. Accordingly, I find that the proposed Settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

Finally, with respect to the provision of attorneys' fees totaling $36,328.45 to Plaintiff's counsel, I find the proposed attorneys' fees to be reasonable. In conjunction with the parties' Joint Motion, Plaintiff's counsel submitted a declaration and billing records establishing that Plaintiff's co-counsel are experienced employment attorneys who spent over 200 hours litigating this case. Decl. of Sally A. Morris (ECF No. 52). The requested attorneys' fees are well below market rate, and, given the extensive amount of legal work that culminated in the summary judgment briefing, are fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the parties' joint motion and **APPROVES** the Settlement.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 8th day of August, 2022.